UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CLEOLA PIERRE | CIVIL ACTION |
| VERSUS | NO: 07-319 |
| ST. CHARLES PARISH PUBLIC SCHOOLS | SECTION: "J" (1) |

**ORDER AND REASONS**

Before the Court is Defendant's Motion for Summary Judgment (Rec. Doc. 19). For the reasons below, Defendant's Motion is **GRANTED**.

**BACKGROUND**

Plaintiff instituted this lawsuit after she was dismissed from her position as a Head Start Teacher for the St. Charles Parish School Board. Plaintiff alleged that she was illegally terminated due to her race. The School Board denied the allegations and avers that Plaintiff was terminated due to excessive absenteeism and conflicts with her superiors.

Defendant filed the instant motion on August 27, 2007, and set hearing on the motion for September 19, 2007. On September 4, 2007, Plaintiff's attorney filed a motion to withdraw from the

case (Rec. Doc. 23). This Court granted counsel's motion to withdraw, and continued the hearing on the summary judgment motion until October 17, 2007. Plaintiff was directed to either obtain new counsel or proceed *pro se*. The Court advised the Plaintiff that any opposition to the motion must be filed in accordance with the local rules. The Plaintiff has not obtained counsel and is now appearing *pro se*.

According to LR 7.5E, oppositions to motions must be filed "no later than the eighth calendar day prior to the noticed hearing date." Therefore the latest that Plaintiff could have filed an opposition is October 9, 2007. As of that date, Plaintiff had not filed an opposition.

On October 10, 2007, this Court was scheduled to hold a pre-trial conference in chambers. However, Plaintiff did not file a pre-trial order prior to the conference as required by the local rules and Fed. R. Civ. P. 16. Accordingly, the conference was converted to a status conference. At the status conference, Plaintiff was advised to obtain counsel, and was given an opportunity to orally present evidence why summary judgment should not be granted. Plaintiff could not produce such evidence. This Court gave Plaintiff until Monday, October 15 at 5:00 p.m. to file an opposition to the motion for summary judgment. Plaintiff filed such a motion in chambers at 4:15 p.m.

on Monday, October 15, 2007.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986).

## DISCUSSION

Defendant alleges that Plaintiff was terminated due to excessive absenteeism. Plaintiff has not refuted this assertion. Plaintiff merely asserts that defendant cannot *prove* that she missed work for over 50 days. However, in this Summary Judgment proceeding, the Plaintiff bears the burden of bringing evidence that shows that the Defendant's stated reason is a mere pretext and Plaintiff's termination was due to her race. Plaintiff has made no such showing.

Additionally, Plaintiff claims that she is prejudiced because her deposition has not been taken in this case. As noted by the Court in the Status Conference, the failure of the

defendant to take Plaintiff's deposition would only serve to prejudice Defendant, and not the Plaintiff.  Accordingly, this Court cannot find that Plaintiff is prejudiced by a failure to take her deposition.  Accordingly,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment (Rec. Doc. 19) is **GRANTED**.

New Orleans, Louisiana this the 16th day of October, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE