```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA

CLEOLA PIERRE                        CIVIL ACTION

VERSUS                               NO: 07-319

ST. CHARLES PARISH PUBLIC            SECTION: "J" (1)
SCHOOLS
```

### ORDER AND REASONS

Before the Court is Plaintiff's Motion for Reconsideration(Rec. Doc. 19). For the reasons below, Plaintiff's Motion is **DENIED**.

### BACKGROUND

Plaintiff instituted this lawsuit after she was dismissed from her position as a Head Start Teacher for the St. Charles Parish School Board. Plaintiff alleged that she was illegally terminated due to her race. The School Board denied the allegations and averred that Plaintiff was terminated due to excessive absenteeism and conflicts with her superiors.

This Court granted Defendant's Summary Judgment Motion on October 16, 2007. The Court found that the Plaintiff had not met her burden to bring evidence "that shows that Defendant's stated

reason is a mere pretext and Plaintiff's termination was due to her race."  Plaintiff filed the instant motion for reconsideration in chambers on October 25, 2007.  Plaintiff moves the Court to reconsider its decision granting summary judgment.

**LEGAL STANDARD**

A district court has considerable discretion to grant or to deny a motion for reconsideration. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). A court's reconsideration of an earlier order is an extraordinary remedy, which should be granted sparingly. *See Fields v. Pool Offshore, Inc.*, No. Civ. A. 97-3170, 1998 WL 43217, at *2 (E.D. La. Feb.3, 1998), *aff'd*, 182 F.3d 353 (5th Cir. 1999); *Bardwell v. George G. Sharp, Inc.*, Nos. Civ. A. 93-3590, 93-3591, 1995 WL 517120, at *1 (E.D. La. Aug. 30, 1995). The Court must "strike the proper balance" between the need for finality and "the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co.*, 6 F.3d at 355. To succeed on a motion for reconsideration, a party must "'clearly establish either a manifest error of law or fact or must present newly discovered evidence."' *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quoting *Pioneer Natural Res. USA, Inc. v. Paper, Allied Indus., Chem. & Energy Workers Int'l Union Local 4-487*, 328 F.3d 818, 820 (5th

Cir.2003)).

## DISCUSSION

Plaintiff avers that her motion to reconsider should be considered on the basis that attendance records that she wishes to have produced to her will show that her termination was a mere pretext as she did not miss the number of days that Defendant claims.

Ordinarily, in order for a plaintiff to succeed on a motion to reconsider, the plaintiff must demonstrate (1) that it exercised diligence in obtaining the information and (2) that the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment." *N.H. Ins. Co. v. Martech USA, Inc.*, 993 F.2d 1195, 1200-01 (5th Cir. 1993). The evidence Plaintiff seeks was clearly discoverable prior to the Court's ruling, and Plaintiff was afforded ample time in which to conduct discovery. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration is **DENIED**.

New Orleans, Louisiana this the 31st day of October, 2007.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE